[Cite as *Morgan v. Arick*, 2022-Ohio-1987.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| TRENTON S. MORGAN, | : | |
| Appellant, | : | CASE NO. CA2021-07-063 |
| - vs - | : | O P I N I O N<br>6/13/2022 |
| | : | |
| ATLEE A. ARICK, et al., | : | |
| Appellees. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21CV94005

The Attkisson Law Firm, and Jack J. Lah, for appellant.

Reminger Co., L.P.A., and Timothy B. Spille and Michael J. Caligaris, for appellees.


**HENDRICKSON, J.**

{¶ 1} Appellant, Trenton S. Morgan, appeals a judgment of the Warren County Court of Common Pleas granting the motion to compel discovery filed by appellees, Atlee A. Arick and MC Trucking Co., L.L.C. Appellant contends the trial court's discovery order requires him to disclose privileged information. He argues that the trial court erred by not conducting an in camera review of the information before ordering disclosure. For the reasons discussed below, we conclude that the trial court did not err by ordering appellant

to disclose the information without first conducting an in camera review. We accordingly affirm the trial court's order.

## I. Factual and Procedural Background

{¶ 2} On July 29, 2019, appellant was traveling on the interstate when his vehicle was struck by a wheel which had come loose from appellees' truck. Appellant sustained injuries to his head, neck, back, and knee. On February 12, 2021, appellant filed a complaint, alleging "severe and permanent injuries" resulting from appellee's negligence, which caused "[g]reat pain and suffering, both physical and emotional." Appellant stated that the pain caused by his injuries "is always a threat to my peace of mind and my body's normal function." Appellant prayed for $2,000,000.00 in total damages and $1,076,400.00 in lost wages.

{¶ 3} During discovery, appellees requested that appellant sign 35 separate medical authorizations releasing his medical records from various providers dating back to January 1, 2010. Appellant refused to sign the authorizations, stating that they were overbroad and would reveal privileged medical information not causally or historically related to the claims. Specifically, appellant expressed concern that the authorizations would force him to disclose his psychiatric and psychological treatment history, which he argued were not at issue in the case. Appellant proposed a "hold and review" process whereby an independent third party would determine which records were causally or historically related to appellant's claims. Appellees rejected this suggestion.

{¶ 4} On June 23, 2021, appellees filed a motion to compel appellant to sign the medical authorizations. The trial court heard oral argument and issued an order granting appellees' motion. The court found that "the information sought [in the medical releases] is directly related to Plaintiff's claim for permanent injury, physical pain and suffering, emotional pain and suffering, and for loss of ability to perform usual functions." It asserted

- 2 -

that the plaintiff has the burden of showing that the records are not causally or historically related to his claims, and that appellant had not met this burden, failing to provide the court with evidence that "any specific aspect of his medical history that is not related to the injuries he claims." Thus, "[p]ursuant to R.C. 2317.02(B), all communication between Plaintiff and his health care providers are causally or historically related" to appellant's alleged injuries, and physician-patient privilege does not apply. The court also noted that appellant had not moved the court for a protective order.

{¶ 5} The trial court ordered appellant to serve upon appellees the fully executed medical authorizations within ten days of its order. Appellant timely appealed, raising two assignments of error.

## II. Law and Analysis

{¶ 6} Appellants assign two errors to the court, which we will review together.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ORDERED TRENTON S. MORGAN TO SIGN MEDICAL AUTHORIZATIONS TO GIVE THE APPELLEE UNFETTERED ACCESS TO HIS MEDICAL RECORDS, WITHOUT PROPERLY LIMITING ITS ORDER TO ONLY THOSE RECORDS WHICH ARE CASUALLY [sic.] AND HISTORICALLY RELEVANT PURSUANT TO R.C. 2317.02(B)(1).

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ORDERED THE DISCLOSURE OF MEDICAL RECORDS OVER WHICH APPELLANT ASSERTED AS PRIVILEGED WITHOUT FIRST CONDUCTING AN IN-CAMERA INSPECTION.

### A. The Standard of Review

{¶ 11} "Appellate courts generally review a discovery dispute under an abuse-of-

discretion standard, but if the dispute involves an alleged privilege, it is a question of law, subject to de novo review."  *Torres Friedenberg v. Friedenberg*, 161 Ohio St.3d 98, 2020-Ohio-3345, ¶ 22.  Appellees contend that "that when a discovery dispute involves privilege, the appellate court is presented with a *mixed* question of law and fact."  (Emphasis sic.)  In support of this argument, they cite our opinion in *Selby v. Ft. Hamilton Hosp.*, 12th Dist. Butler No. CA2007-05-126, 2007-Ohio-2413, ¶ 10.  However, because the discovery dispute in the case sub judice involves an alleged privilege, *Selby* does not apply.  *Stewart v. Vivian, M.D.*, 12th Dist. Clermont No. CA2011-06-050, 2012-Ohio-228, ¶ 13.  Additionally, the trial court's order did not merely regulate discovery, but made a privilege determination. *Total Quality Logistics, L.L.C. v. BBI Logistics, L.L.C.*, 12th Dist. Clermont No. CA2021-04-012, 2022-Ohio-1440, ¶ 18.  Accordingly, we review the trial court's order de novo.

### B. The Physician-Patient Privilege

{¶ 12} Medical records are generally privileged from disclosure under R.C. 2317.02(B)(1).  *Med. Mut. Of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶ 13.  Physician-patient and psychologist-patient privileges have been codified in Ohio to deny the use of such information in litigation except in certain limited circumstances. *Hageman v. Southwest Gen. Health Ctr.*, 119 Ohio St.3d 185, 2008-Ohio-3343, ¶ 9, citing R.C. 2317.02(B)(1) and 4732.19.  One such circumstance is delineated by R.C. 2317.02(B)(1)(a)(iii), which "clearly provides that the physician-patient privilege is waived when the patient files any type of civil action."  *Whiteman v. Whiteman*, 12th Dist. Butler No. CA94-12-229, 1995 WL 375848, *2 (June 26, 1995).  The patient places his medical condition in issue by filing a medical claim.  *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 2010-Ohio-6275, ¶ 22.  However, pursuant to R.C. 2317.02(B)(3)(a), "only those communications (which include medical records) that relate causally or historically to the conditions relevant to the civil action may be discovered."  *Neftzer v. Neftzer*, 140 Ohio

App.3d 618, 622 (12th Dist.2000).

## C. Discovery of Privileged and Confidential Information

{¶ 13} Parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case * * * " Civ.R. 26(B)(1). When information subject to discovery is withheld on a claim that it is privileged, "the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim." Civ.R. 26(B)(8). Civ.R. 26(C) provides that, upon motion, a court may issue any protective order "that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including one that limits the scope of discovery or that orders submission of the material under seal. "[T]he party asserting the privilege bears the burden of showing that the records sought are not causally or historically related to the claims." *Pietrangelo v. Hudson*, 8th Dist. Cuyahoga No. 107344, 2019-Ohio-1988, ¶ 18.

## D. Claims of Privilege and In Camera Review

{¶ 14} Appellant does not contest that he triggered the R.C. 2317.02(B)(1)(a)(iii) exception to the physician-patient privilege by filing a civil action; instead, he argues that in this case, his mental health records are not causally or historically related to the issues raised in his negligence action against appellees. In appellant's complaint, he alleged that appellees' negligence caused him "[g]reat pain and suffering, *both physical and emotional*." (Emphasis added.) Appellant additionally stated that the pain caused by his injuries "is always a threat to [his] *peace of mind* and [his] body's normal function." (Emphasis added.) However, during oral argument and in his appellate brief, appellant asserted to the contrary that his injuries were purely physical.

{¶ 15} "Many appellate courts in Ohio have held that when there is a dispute over

whether a physician's testimony or records are causally or historically related to issues in the pending action, as R.C. 2317.02(B)(3)(a) requires, the trial court should conduct an in camera inspection or review to resolve the dispute." *Torres Friedenberg*, 2020-Ohio-3345, at ¶ 21. This court has previously held that a "trial court erred by ordering the hospitals to disclose [appellant's medical] records to appellee without first holding an *in camera* inspection of the records" to determine which documents are discoverable by appellee. *Neftzer*, 140 Ohio App.3d at 621. Although this practice is "consistent with [the Ohio Supreme Court's] treatment of similar issues under other privilege statutes," the supreme court has notably not mandated in camera review in discovery disputes stemming specifically from claims of physician-patient privilege. *Torres Friedenberg* at ¶ 21.

{¶ 16} We have previously said that the decision "'[w]hether to hold an *in camera* hearing on evidentiary issues is left to the trial court's discretion.'" *Total Quality Logistics*, 2022-Ohio-1440, at ¶ 28, quoting *State v. Hoop*, 134 Ohio App.3d 627, 639 (12th Dist.1999). "While conducting an in camera review of allegedly privileged material is a good idea, '[a] party is not entitled, as a matter of right, to an in camera hearing when privilege is asserted.'" *Id.*, quoting *Hoop* at 639. "Before engaging in an *in camera* review to determine whether privilege is applicable, 'the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person' that *in camera* review of the materials may reveal evidence establishing an applicable privilege or that the privilege is outweighed by other rights." *Hoop* at 639, quoting *United States v. Zolin*, 491 U.S. 554, 572, 109 S.Ct. 2631 (1989).

{¶ 17} Appellant in the case sub judice failed to demonstrate that the records sought were not causally or historically related to his injuries. Instead, he merely asserted, contrary to his statements in the complaint, that his injuries were purely physical. Appellant failed to provide a factual basis for the court to consider in determining that his psychiatric and

psychological treatment records were privileged. Although he proposed a "hold for review" process, he did not request in camera review until this appeal. As the party seeking to protect the information as privileged, appellant "could have and should have filed a motion requesting that the court conduct an in camera review." *Total Quality Logistics* at ¶ 30. He chose not to file such a motion, nor even to seek a protective order under Civ.R. 26(C). *See Gauthier v. Gauthier*, 12th Dist. Warren No. CA2018-09-118, 2019-Ohio-4397, ¶ 37. We conclude that the trial court did not err in failing to conduct an in camera inspection of the medical records where one was not requested. Appellant's assignments of error are not well taken and are therefore overruled.

**{¶ 18}** Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.